## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN MACCORMACK and MICHAEL TRAUGUTT, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| GROUPON, INC. | ) |
| | )   C.A. No. 13-940-GMS |
| Defendant. | ) |
| | ) |
| | ) |

## DEFENDANT GROUPON, INC.'S ANSWER TO PLAINTIFFS' VERIFIED CLASS ACTION COMPLAINT

Defendant Groupon, Inc. ("Groupon" or the "Company") hereby answers the numbered paragraphs of Plaintiffs' Verified Class Action Complaint (the "Complaint") as follows:

1.      Groupon admits that Plaintiffs filed this case as a purported class action on behalf of themselves and the public stockholders of Groupon entitled to vote at Groupon's 2013 Annual Meeting of Stockholders (the "Annual Meeting").  Groupon admits that Plaintiffs filed a motion for injunctive relief challenging Groupon's compliance with the "unbundling rules" promulgated by the U.S. Securities and Exchange Commission (the "SEC") under Section 14 of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended, including SEC Rules 14a-4(a)(3) and 14a-4(b)(1) promulgated thereunder.  Groupon avers that Paragraph 1 contains legal conclusions for which no response in required.  Except as specifically admitted, Groupon denies the allegations of Paragraph 1.

-2-

2. Groupon admits that on April 29, 2013, it issued a Schedule 14A Definitive Proxy Statement (the "Proxy") and Proxy Card in connection with the Annual Meeting and that the Annual Meeting occurred on June 13, 2013.  Groupon states that the Proxy and the Proxy Card speak for themselves, denies any allegation that mischaracterizes them, and refers the Court to the Proxy and the Proxy Card for their full contents.  Except as specifically admitted, Groupon denies the allegations of Paragraph 2.

3. Groupon admits the allegations of Paragraph 3.

4. Groupon admits the allegations of Paragraph 4.

5. Groupon lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph, and on that basis denies the allegations of Paragraph 5.

6. Groupon admits the allegations of Paragraph 6.

7. Groupon admits that Groupon's 2011 Incentive Plan (the "Plan") was adopted by Groupon's Board of Directors (the "Board") in 2011 and approved by Groupon's shareholders on June 19, 2012.  Groupon further admits that the Plan includes language regarding the granting of stock options, stock appreciation rights, restricted stock, restricted stock units and cash incentive awards to Groupon's executive officers, employees, and directors.  Groupon states that the Plan speaks for itself, denies any allegation that mischaracterizes it, and refers the Court to the Plan for its full content.  Except as specifically admitted, Groupon denies the allegations of Paragraph 7.

8. Groupon admits that Section 5.1(b) of the Plan provides that the total number of shares that may be issued under the Plan is 50,000,000 (the "Total Share Limit").  Groupon states that the Plan speaks for itself, denies any allegation that mischaracterizes it, and refers the

Court to the Plan for its full content.  Except as specifically admitted, Groupon denies the allegations of Paragraph 8.

9.      Groupon admits that Section 5.1(f) of the Plan provides that the maximum number of shares that may be covered by awards granted to any one participant during any one-year calendar period is 1,000,000 (the "Per-Participant Annual Limit").  Groupon states that the Plan speaks for itself, denies any allegation that mischaracterizes it, and refers the Court to the Plan for its full content.  Except as specifically admitted, Groupon denies the allegations of Paragraph 9.

10.      Groupon admits that on January 28, 2013, the Board, through its Compensation Committee, awarded to Kal Raman, the Company's Chief Operating Officer, a grant of 1,200,000 restricted stock units under the Plan, and that this grant would exceed the Per-Participant Annual Limit of the Plan if those restricted stock units were issued to Mr. Raman without an amendment of the Plan.  Except as specifically admitted, Groupon denies the allegations of Paragraph 10.

11.      Groupon admits the allegations of Paragraph 11.

12.      Groupon states that the Proposal No. 4 from the Proxy speaks for itself, denies any allegation that mischaracterizes it, and refers the Court to Proposal No. 4 for its full content. Groupon denies the remaining allegations of Paragraph 12.

13.      Groupon states that the Proxy speaks for itself, denies any allegation that mischaracterizes it, and refers the Court to the Proxy for its full content.   Groupon denies the remaining allegations of Paragraph 13.

14.      Groupon admits Plaintiffs sent a Demand Letter to the Board on or about May 6, 2013. Groupon states that the Demand Letter speaks for itself, denies any allegation that

mischaracterizes it, and refers the Court to the Demand Letter for its full content.   Groupon

denies the remaining allegations of Paragraph 14.

15.      Groupon admits the allegations of Paragraph 15.

16.      Groupon states that the Proxy speaks for itself, denies any allegation that

mischaracterizes it, and refers the Court to the Proxy for its full content.   Groupon denies the

remaining allegations of Paragraph 16.

17.      Groupon admits that shareholder approval of the amendment to the Plan would

increase the Per-Participant Annual Limit from 1 million to 7.5 million shares, and would

become effective as of January 1, 2013.  Except as specifically admitted, Groupon denies the

allegations of Paragraph 17.

18.      Groupon admits that shareholder approval of the amendment to the Plan would

make January 1, 2013 the effective date of the proposed amendment described in Proposal No. 4.

Except as specifically admitted, Groupon denies the allegations of Paragraph 18.

19.      Groupon admits that if the proposed amendment to the Plan is approved by the

Company's shareholders, the increase of the Per-Participant Annual Limit from 1 million to 7.5

million shares will apply retroactively to all awards made after January 1, 2013.   Groupon

admits that if Proposal No. 4 is not approved, then the 200,000 excess award granted to Mr.

Raman will be deemed void.  Groupon states that the Proxy speaks for itself, denies any

allegation that mischaracterizes it, and refers the Court to the Proxy for its full content.   Except

as specifically admitted, Groupon denies the allegations of Paragraph 19.

20.      Groupon lacks knowledge or information sufficient to form a belief regarding the

allegations of this paragraph, and on that basis denies the allegations of Paragraph 20.

21.     Groupon states that the Proxy and Proxy Card speak for themselves, denies any allegation that mischaracterizes them, and refers the Court to the Proxy and Proxy Card for their full contents. Groupon denies the remaining allegations of Paragraph 21.

22.     Groupon denies the allegations of Paragraph 22.

23.     Groupon states that the SEC Rule 14a-4(a)(3) speaks for itself, denies any allegation that mischaracterizes it, and refers the Court to SEC Rule 14a-4(a)(3) for its full content. Groupon denies the remaining allegations of Paragraph 23.

24.     Groupon states that the SEC Rule 14a-4(b)(1) speaks for itself, denies any allegation that mischaracterizes it, and refers the Court to SEC Rule 14a-4(b)(1) for its full content. Groupon denies the remaining allegations of Paragraph 24.

25.     Groupon denies the allegations of Paragraph 25.

26.     Groupon denies the allegations of Paragraph 26.

27.     Groupon admits that Plaintiffs filed this case as a purported class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of owners of Groupon publicly-traded Class A common stock as of April 22, 2013, the record date for the determination of shareholders entitled to vote at the Annual Meeting, and that Plaintiffs have excluded the identified entities from the purported class. Except as specifically admitted, Groupon denies the allegations of Paragraph 27.

28.     Groupon admits that, according to the Proxy, as of April 22, 2013, there were over 658 million shares of Class A common stock outstanding. Groupon also admits that it may be possible to identify shareholders of record from records maintained by Groupon or its transfer agent, and that any such identified shareholders may be notified of the pendency of this action by mail. Except as specifically admitted, Groupon lacks knowledge or information sufficient to

form a belief regarding the allegations of this paragraph and on that basis denies the allegations of Paragraph 28. In addition, Groupon avers that Paragraph 28 contains legal conclusions for which no response is required.

29.     Groupon avers that Paragraph 29 contains legal conclusions for which no response is required. To the extent any response is required, Groupon denies the allegations of Paragraph 29.

30.     Groupon avers that Paragraph 30 contains legal conclusions for which no response is required. To the extent any response is required, Groupon lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph, and on that basis denies the allegations of Paragraph 30.

31.     Groupon avers that Paragraph 31 contains legal conclusions for which no response is required. To the extent any response is required, Groupon lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph, and on that basis denies the allegations of Paragraph 31.

32.     Groupon avers that Paragraph 32 contains legal conclusions for which no response is required. To the extent any response is required, Groupon lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph, and on that basis denies the allegations of Paragraph 32.

33.     Groupon avers that Paragraph 33 contains legal conclusions for which no response is required. To the extent any response is required, Groupon lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph, and on that basis denies the allegations of Paragraph 33.

34.     Groupon admits that it is incorporated in Delaware.  Except as specifically admitted, Groupon lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph and on that basis denies the allegations of Paragraph 34.  In addition, Groupon avers that Paragraph 34 contains legal conclusions for which no response is required.

35.     Groupon avers that Paragraph 35 contains legal conclusions for which no response is required.  To the extent any response is required, Groupon lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph, and on that basis denies the allegations of Paragraph 35.

36.     Groupon avers that Paragraph 36 contains legal conclusions for which no response is required.  To the extent any response is required, Groupon lacks knowledge or information sufficient to form a belief regarding the allegations of this paragraph, and on that basis denies the allegations of Paragraph 36.

37.     Groupon incorporates by reference and re-alleges each and every admission and denial to Paragraphs 1-36 above, as though fully set forth herein.

38.     Groupon states that Section 14(a) of the Exchange Act speaks for itself, denies any allegation that mischaracterizes it, and refers the Court to Section 14(a) of the Exchange Act for its full content.   Groupon denies the remaining allegations of Paragraph 38.

39.     Groupon states that SEC Rule 14(a)-4(a)(3) speaks for itself, denies any allegation that mischaracterizes it, and refers the Court to SEC Rule 14(a)-4(a)(3) for its full content.  Except as specifically admitted, Groupon denies the allegations of Paragraph 39.

40.     Groupon states that SEC Rule 14(a)-4(b)(1) speaks for itself, denies any
allegation that mischaracterizes it, and refers the Court to SEC Rule 14(a)-4(b)(1) for its full
content.. Except as specifically admitted, Groupon denies the allegations of Paragraph 40.

41.     Groupon denies the allegations of Paragraph 41.

42.     Groupon denies the allegations of Paragraph 42.

## AFFIRMATIVE DEFENSES

Without admitting that Groupon engaged in the acts and conduct set forth in the
Complaint or that such acts or conduct would entitle Plaintiffs to the relief they seek or that the
allegation of an affirmative defense requires Groupon to prove affirmatively the circumstances as
alleged, Groupon asserts the affirmative defenses set forth below.  In addition, Groupon states
that it currently has insufficient knowledge or information upon which to form a belief as to
whether it might have additional, as yet unstated, defenses available.  Groupon therefore reserves
the right to assert additional affirmative defenses as they become known in this matter

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because there is no likelihood that they will
suffer irreparable injury.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any loss, damage or injury as a result of any act or omission
by Groupon.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' seek to enjoin Groupon from proceeding with the
shareholder vote at its Annual Meeting of stockholders, Plaintiffs' claim for relief is barred
because it is moot.

-9-

## PRAYER FOR RELIEF

WHEREFORE, Groupon respectfully prays as follows:

1.      That Plaintiffs take nothing by the Complaint;

2.      That judgment be entered against Plaintiffs and in favor of Groupon; and

3.      That Groupon be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI, P.C.

         */s/ WILLIAM B. CHANDLER III*
William B. Chandler III (#116)
Eight West Laurel Street
Georgetown, DE  19947
Tel:  302-856-4235
Fax:  866-974-7329
*wchandler@wsgr.com*

June 21, 2013

**Attorney for Groupon, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2013, a copy of the foregoing Answer to

Verified Class Action Complaint was served, by CM/ECF, upon the following counsel:

FARNAN LLP
Brian E. Farnan
Michael J. Farnan
Rosemary J. Piergiovanni
919 North Market Street
12th Floor
Wilmington, DE 19801
Tel:  302-777-0300
Fax:  302-777-0301


*/s/  Ian R. Liston*